was to be paid the 40 cents per day received by Blackburn as travel compensation. If, instead, Hunter were to have been paid directly by the employer for carrying workmen to the job, indubitably there would have been an undertaking by the employer to provide transportation. The mere fact that the money was to pass through Blackburn's hands en route to Hunter from the employer does not, in our opinion, affect the substance of the arrangement.

For the foregoing reasons, the action of the District Court is

Affirmed.

with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee Britton. Mr. Jacob N. Halper, Washington, D. C., was on the brief for appellees Casey.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court dismissing appellants' suit to enjoin the enforcement of a workman's compensation award. We find no error. The District Court's order is therefore

Affirmed.

FLOYD E. DAVIS COMPANY, and Globe Indemnity Company, Appellants,

v.

Theodore BRITTON, Deputy Commissioner, District of Columbia Compensation District, Bureau of Employees Compensation, and Alice M. Casey and James L. Casey, Jr., Appellees.

No. 12053.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 8, 1954.

Decided Nov. 18, 1954.

Mr. Francis W. McInerny, Washington, D. C., for appellants.

Mr. S. Jay McCathran, Jr., Washington, D. C., was on the brief for appellant Floyd E. Davis Co.

Mr. Hugh Lynch, Jr., Washington, D. C., was on the brief for appellant Globe Indemnity Co.

Mr. Ward E. Boote, Asst. Sol., United States Dept. of Labor, Washington, D. C.,

Karl RIEMER, Appellant,

v.

Phyllis Miller RIEMER, Appellee.

No. 12150.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 9, 1954.

Decided Nov. 18, 1954.

